UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PAT GLEBE, et al.,

    Defendants.

CASE NO. 3:15-CV-05484-BHS-JRC

ORDER DENYING MOTION TO COMPEL AND MOTION TO APPOINT COUNSEL

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    Before the Court are two motions filed by plaintiff: (1) motion to compel (Dkt. 56) and (2) motion to appoint counsel (Dkt. 57).  Plaintiff's motion to compel is denied because plaintiff has not served defendants with any discovery requests prior to filing his motion. Plaintiff's motion to appoint counsel is denied because plaintiff has demonstrated his ability to articulate his claims without an attorney and there are no exceptional circumstances compelling the Court to appoint counsel at this time.

1. <u>Motion to Compel (Dkt. 56)</u>

Plaintiff filed his "motion of discovery request and production of documents" on December 4, 2015. Dkt. 56. Plaintiff requests that the Court order defendants to respond to discovery requests. *Id.* In response, defendants' counsel declares that to date, she has not received any discovery requests from plaintiff. Dkt. 63, Exhibit 1 (Declaration of Katherine Faber).

Plaintiff is required to serve discovery requests directly on other parties. *See generally,* Fed. R. Civ. P. 26, 33, 34. The Court is generally not involved in discovery until and unless the parties are not able to resolve discovery disputes, and after the parties have conferred or attempted to confer.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The declaration submitted by counsel for defendants shows that plaintiff has failed to serve any discovery requests. Dkt. 63, Exhibit 1. Plaintiff has not submitted any information to the contrary. If there were no discovery requests, there is no basis for a motion to compel. *See* Fed. R. Civ. P. 37. Accordingly, plaintiff's motion to compel is denied.

2. <u>Motion to Appoint Counsel (Dkt. 57)</u>

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff's motion to appoint counsel contains no reasons supporting his need for court appointed counsel. Dkt. 57. The Court notes his case does not involve complex facts or law, and plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Plaintiff has also not shown he is likely to succeed on the merits of his case. Accordingly, plaintiff's motion to appoint counsel is denied.

Dated this 28th day of December, 2015.

J. Richard Creatura
United States Magistrate Judge