UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PAT GLEBE et al.,

    Defendants.

CASE NO. 3:15-CV-05484-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: APRIL 8, 2016

Plaintiff Ossie Lee Slaughter is proceeding *pro se* and *in forma* pauperis in this 42 U.S.C. § 1983 civil rights action. Because it has been more than 120 days since the service of plaintiff's complaint and plaintiff has not provided the Court with a current address for unserved defendants Presswood, Casey and Flemming, the Court recommends that plaintiff's claims against defendants Presswood, Casey and Flemming be dismissed without prejudice.

**BACKGROUND**

On August 11, 2015, the Court directed service of plaintiff's complaint on the named defendants. Dkt. 13. The Clerk's Office attempted to locate the proper service addresses for each defendant and mailed them the complaint and waivers of service forms. However, returns of

REPORT AND RECOMMENDATION - 1

1 service sent to defendants Flemming, Presswood and Casey were returned to the Court marked

2 "There is more than one correctional officer with this name. Cannot identify." *See* Dkts. 15, 16,

3 17. On September 22, 2015, the Court ordered plaintiff to provide the complete names and

4 addresses for defendants Flemming, Presswood and Casey by October 24, 2015 so the Court

5 could again attempt service by mail. Dkt. 43.

6 On October 13, 2015 and October 19, 2015, plaintiff filed two responses to the Court's

7 order directing submission of service addresses for unserved defendants Flemming, Presswood

8 and Casey. Dkts. 46, 47. Plaintiff advised the Court that plaintiff is now housed at a different

9 facility -- Coyote Ridge Corrections Center -- and thus, cannot provide the service addresses for

10 the unserved defendants who are employed at Stafford Creek Corrections Center. Dkt. 46.

11 On October 30, 2015, the Court again ordered plaintiff to provide service addresses for

12 the three unserved defendants by November 30, 2015. Dkt. 48. On November 10, 2015, the

13 Court granted plaintiff a ten-day extension to file the service addresses until December 10, 2015.

14 Dkt. 50.

15 On January 15, 2016, the Court ordered plaintiff to show cause why this action should

16 not be dismissed against the unserved defendants without prejudice for failure prosecute, failure

17 to comply with a court order, and failure to perfect service of process. Dkt. 68. The Court

18 advised plaintiff that if he failed to respond to the Court's order by February 16, 2015, the

19 undersigned would recommend dismissal of this action against the unserved defendants. *Id.*

20 Plaintiff has failed to respond.

21 DISCUSSION

22 Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons

23 and complaint must be made upon a defendant within 120 days after the filing of the complaint.

24

REPORT AND RECOMMENDATION - 2

1 | Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the
2 | action without prejudice as to that defendant or shall extend the time for service. Fed. R. Civ. P.
3 | 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, "an incarcerated pro se
4 | plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the
5 | summons and complaint and . . . should not be penalized by having his action dismissed for
6 | failure to effect service where the U.S. Marshal or the court clerk has failed to perform his
7 | duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (*quoting Puett v. Blanford*, 912
8 | F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472
9 | (1995). "So long as the prisoner has furnished the information necessary to identify the
10 | defendant, the marshal's failure to effect service is "automatically good cause." *Walker*, 14 F.3d
11 | at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a
12 | pro se plaintiff fails to provide accurate and sufficient information to effect service of the
13 | summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is
14 | appropriate. *Walker*, 14 F.3d at 1421-22.

15 |      Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v.*
16 | *Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir.1978). He has failed to do so by
17 | ignoring his duty to provide the Court with a current service address or an explanation of why he
18 | is unable to comply with the Court's Order. A court cannot exercise jurisdiction over a
19 | defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*,
20 | 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840
21 | F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless
22 | the defendant has been served properly under Fed. R .Civ. P. 4").

23
24

1    Plaintiff has not provided a current address for the unserved defendants nor has he
2 responded to the Court's order to show cause in any other manner.  Thus, the undersigned
3 recommends that plaintiff's § 1983 claims against defendants Presswood, Casey and Flemming
4 be dismissed without prejudice for lack of personal jurisdiction.
5    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
6 fourteen (14) days from service of this Report and Recommendation to file written objections
7 thereto. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those
8 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the
9 time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration
10 on **April 8, 2016**, as noted in the caption.
11    Dated this 14th day of March, 2016.

    J. Richard Creatura
    United States Magistrate Judge

REPORT AND RECOMMENDATION - 4