UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

        Plaintiff,

v.

PAT GLEBE et al.,

        Defendants.

CASE NO. 3:15-CV-05484-BHS-JRC

ORDER

Plaintiff Ossie Lee Slaughter, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Currently before the Court is plaintiff's motion for a telephonic conference and discovery planning hearing ("motion for telephonic conference," Dkt. 79) and motion for production of documents (Dkt. 80). The Court also interprets plaintiff's motion for telephonic conference as a motion for reconsideration of the Court's order denying plaintiff's motion to appoint counsel. *See* Dkt. 79 at 2. Defendants filed a response and declaration. Dkts. 81, 82. Plaintiff did not file a reply.

The Court finds that plaintiff's motion for a telephonic conference (Dkt. 79) is denied as moot because defendants Presswood, Casey and Flemming have been dismissed from this action

ORDER - 1

and the parties conferred on April 8, 2016. Plaintiff's motion for production of documents (Dkt. 80) is denied because plaintiff did not include a certification that he conferred with counsel prior to filing his motion for production of documents and the evidence before the Court shows that the parties have stipulated to a timeline by which defendants will provide plaintiff with the requested documents. The Court denies plaintiff's motion for reconsideration (Dkt. 79). as untimely.

**1.  Motion for Telephonic Conference and Planning for Discovery Hearing**

Plaintiff seeks a telephonic conference to receive the full names of defendants Presswood, Casey and Flemming, who have not been served with his complaint. Dkt 79 at 2. Although plaintiff's additional requests are unclear, it also appears that plaintiff seeks discovery documents and a conference to confer with defendants. *Id.*

With respect to plaintiff's request for a telephonic conference to receive the full names of defendants Presswood, Casey and Flemming, the undersigned previously ordered plaintiff to provide the addresses of these unserved defendants three times. *See* Dkts. 43, 48, 51, 68. On March 14, 2016, after plaintiff failed to provide the addresses, the undersigned recommended dismissal of this action against unserved defendants Presswood, Casey and Flemming. Dkt. 75. Plaintiff did not object to the report and recommendation and an order was entered on April 18, 2016 dismissing defendants Presswood, Casey and Flemming. Dkt. 85.  Thus, because defendants Presswood, Casey and Flemming are no longer parties to this cause of action, the Court denies plaintiff's request for a telephonic conference to receive their addresses as moot.

With respect to plaintiff's request for a telephonic conference to "receive [his] discovery request" and "confer and consider the nature and basis of that request," defense counsel and plaintiff conferred on April 8, 2016. Dkt. 82, Declaration of Katherine J. Faber at ¶¶ 2, 4.

1 Plaintiff does not demonstrate that an additional conference is necessary to discuss his
2 outstanding discovery requests. Thus, plaintiff's request is also denied as moot.

### 2. Motion for Production of Documents

In his motion for production of documents, plaintiff seeks an order compelling defendants to produce documents listed in his motion. Dkt. 80. Prior to receiving plaintiff's motion, defendants state that they had not received any discovery requests. Dkt. 81 at 1. Nor had defense counsel received any discovery requests from plaintiff. *Id.;* Dkt. 82 at ¶ 2, 3. None of the enclosures in plaintiff's motion demonstrate that plaintiff's discovery requests were properly served on defendants prior to filing his motion.

Defendants state that they conferred with plaintiff after his motion was filed, on April 8, 2016 and that the parties stipulated to a timeline by which defendants would provide responses to plaintiff's requests for production. *Id.* at ¶ 4.

While a party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby," the motion must also include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

Plaintiff did not comply with the foregoing. On March 21, 2016, he filed his motion for telephonic conference. Dkt. 79. However, no such meeting was ever held and the first discovery conference between the parties occurred on April 8, 2016, well after plaintiff filed the motion for production of documents. *See* Dkts. 81, 82.

ORDER - 3

1    The Court anticipates that the parties will continue to confer and make a good faith effort
2 to resolve their discovery disputes without Court interference.  If the parties cannot amicably
3 resolve their discovery disputes, either party may then file a motion to compel.  However, the
4 motion must include a certification stating that their efforts were unsuccessful and shall identify
5 those areas of disagreement that remain unresolved.  The Court will not address any motion
6 which lacks such a certification.

7    In addition, in light of the apparent agreement between the parties that defendants will
8 obtain responses to plaintiff's requests and responses will be provided to plaintiff, plaintiff's
9 request for production of documents is denied without prejudice.

### 3. Motion for Reconsideration

In plaintiff's motion for telephonic conference and planning for discovery hearing, it also appears that he also requests that the Court reconsider his motion to appoint counsel. Dkt. 79 at 2. To the extent that plaintiff seeks reconsideration of the Court's order denying his motion to appoint counsel (Dkt. 64), his request was filed more than 14 days after the order was entered. *See* Dkt. 64. LCR 7(h). Thus, plaintiff's request is denied as untimely.

Dated this 28th day of April, 2016.

J. Richard Creatura
United States Magistrate Judge