1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

                          Plaintiff,

      v.

PATRICK R GLEBE et al,

                      Defendants.

CASE NO. 3:15-CV-05484-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:  FEBRUARY 3, 2017

12

13

14

15

16

17

      This 42 U.S.C. § 1983 civil rights matter has been referred to United States Magistrate

18

Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local

19

Rules MJR 1, MJR 3, and MJR 4.

20

      Before the Court is defendants' motion for involuntary dismissal pursuant to Federal Rule

21

of Civil Procedure 41(b) and in the alternative, motion for extension. Dkt. 110.   Despite granting

22

plaintiff numerous extensions, plaintiff failed to comply with the Court's order and filed his

23

amended complaint nearly three months after the Court's deadline. Nevertheless, the Court finds

24

that plaintiff's noncompliance does not justify the harsh penalty of dismissal.  The overriding

REPORT AND RECOMMENDATION - 1

1    policy favoring disposition of cases on their merits outweighs the expeditious resolution of

2    litigation and prejudice to defendants. Therefore, the Court recommends denying defendants'

3    motion for involuntary dismissal (Dkt. 110) and granting defendants' motion for extension.

4                                    **PROCEDURAL HISTORY**

5         Plaintiff Ossie Lee Slaughter, proceeding *pro se* and *in forma pauperis*, filed this civil

6    rights complaint under 42 U.S.C. § 1983 on July 14, 2015. Dkt. 1. On November 19, 2015,

7    plaintiff filed motion to continue asking for a 10-day extension to file a response to defendants'

8    motion to dismiss and to respond to the Court's order directing plaintiff to provide the correct

9    names and identifying information of unserved defendants Flemming, Casey and Presswood.

10   Dkt. 50. The Court granted his request for an extension. Dkt. 51. On January 15, 2016, plaintiff

11   filed another motion for extension, requesting a thirty-day extension to file an amended

12   complaint. Dkt. 65. This request was denied as moot as District Judge Settle had not yet entered

13   an order on the report and recommendation and plaintiff's timeline to file an amended complaint

14   had not yet begun to run. Dkt. 70.

15        On February 23, 2016, the Court adopted the undersigned's report and recommendation

16   and ordered plaintiff to file an amended complaint by March 18, 2016. Dkt. 73. On March 17,

17   2016, plaintiff requested another extension, asking for 90 days to prepare his first amended

18   complaint. Dkt. 76. The Court granted his motion and found that a 60-day extension of plaintiff's

19   deadline to respond to the Court's Order to file an amended complaint was reasonable. Dkt. 84.

20   Plaintiff's deadline to file his amended complaint was extended to May 18, 2016. *Id.* In its order,

21   the Court stated that if plaintiff required additional time to file his amended complaint, he may

22   file another motion for extension prior to May 18, 2016. *Id.* On May 16, 2016, plaintiff filed

23   another request for a 60-day extension to file his amended complaint. Dkt. 89. The Court granted

24

REPORT AND RECOMMENDATION - 2

1  plaintiff's fourth extension and directed plaintiff to file an amended complaint by July 18, 2016.

2  Dkt. 91 at 2.

3      On July 18, 2016, plaintiff filed his fifth request for an extension to file his amended

4  complaint. Dkt. 100. The Court denied plaintiff's extension but allowed plaintiff until August 19,

5  2016 to file his amended complaint. Dkt. 103. On August 22, 2016, plaintiff objected to the

6  undersigned's order denying his motion for extension. Dkt. 106. On November 7, 2016, plaintiff

7  filed his amended complaint. Dkt. 109. On November 18, 2016, defendants moved to dismiss

8  plaintiff's remaining claims under Rule 41(b) based on plaintiff's failure to follow Court orders.

9  Dkt. 110. Plaintiff filed a response on December 13, 2016. Dkt. 117. Defendants filed a reply on

10  December 15, 2016. Dkt. 119. On January 3, 2017, District Judge Settle denied plaintiff's

11  objection to the Court's order denying his extension. Dkt. 121.[1]

12                              **DISCUSSION**

13      The Court will first address defendants' Rule 41(b) motion to dismiss the amended

14  complaint in its entirety. The Court will then address defendants' motion in the alternative for an

15  extension to file an answer. Dkt. 110.

16          **A.  Dismissal Pursuant to Rule 41(b)**

17      Under Rule 41(b), "[i]f the plaintiff fails to ... comply with ... a court order, a defendant

18  may move to dismiss the action or any claim against it." Fed R. Civ. P. 41(b). This right of

19  dismissal is at the discretion of the district court. *See Henderson v. Duncan,* 779 F.2d 1421, 1423

20  (9th Cir. 1986) (citation omitted). Before dismissing a plaintiff's case, a court must "weigh

21

22

23      [1] The Court notes that plaintiff's motion for telephonic hearing (Dkt. 116) and motion for
pretrial conference (Dkt. 118) are also pending. These two motions will be addressed in a
separate order. Plaintiff's motion for leave to add defendant (Dkt. 122) is not ripe for the Court's

24  review until January 20, 2017. Dkt. 122.

1   several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need

2   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

3   disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v.*

4   *Moran,* 46 F.3d 52, 53 (9th Cir. 1995) (quotation and quotation marks omitted). The Ninth

5   Circuit has stated that dismissal under Rule 41(b) is appropriate "where at least four factors

6   support dismissal, or where at least three factors strongly support dismissal." *Hernandez v. City*

7   *of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

8   However, dismissal is a "harsh ... penalty" and "should be imposed ... only in extreme

9   circumstances." *Thompson v. Hous. Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir.

10  1986).

11              *1.   The public's interest in expeditious resolution of litigation*

12         "[T]he public's interest in expeditious resolution of litigation always favors dismissal."

13  *Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). In their motion, defendants argue

14  that plaintiff filed his amended complaint three months late, and that the amended complaint as it

15  stands will need to be amended again because it contains claims and defendants that have already

16  been dismissed from this action. Dkt. 110 at 4-5. Defendants also argue that plaintiff has already

17  received numerous extensions. *Id.* (citing Dkts. 511, 84, 91).

18         However, in his opposition, plaintiff alleges that defendants' actions including cell

19  searches, confiscation of legal property, and destruction of property caused plaintiff's multiple

20  extensions. Dkt. 117 at 1-2. Plaintiff alleges that defendants intentionally interfered with his

21  access to the courts, access to the law library, legal copies, legal mail process. *Id.* at 3. Plaintiff

22  alleges he was placed in the Intensive Management Unit for 23 hours a day. *Id.* Furthermore,

23  plaintiff was transferred from Coyote Ridge Corrections Center to Monroe Corrections Center in

24

1   April 2016, *see* Dkt. 83, to Washington State Penitentiary in June 2016, *see* Dkts. 94, 96, 97, and

2   back to Coyote Ridge Corrections Center in December 2016, *see* Dkts. 114, 115. While the Court

3   takes no position at this time with respect to plaintiff's allegations, the Court finds that it is

4   plausible that the first two transfers[2] and the alleged actions by defendants could have caused

5   plaintiff some delay in receiving his legal materials or preparing his amended complaint. Thus,

6   the Court finds that the while public's interest in expeditious resolution of litigation favors

7   dismissal, plaintiff has alleged facts showing cause for his failure to comply with the Court's

8   August 9, 2016 Order.

9           **2.   *Court's need to manage its docket***

10

11          The second factor is "usually reviewed in conjunction with the public's interest in

expeditious resolution of litigation to determine if there is unreasonable delay." *In re Eisen,* 31

12  F.3d 1447, 1452 (9th Cir. 1994). "The trial judge is in the best position to determine whether the

13  delay in a particular case interferes with docket management and the public interest." *Pagtalunan*

14  *v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).

15          Here, plaintiff's failure to comply with the August 9, 2016 order required that defendants

16  bring the instant motion, which consumed the Court's time that could have been spent on other

17  cases. *See Pagtalunan,* 291 F.3d at 642. Plaintiff's noncompliance also interfered with the Court's

18  ability to "manage its docket without being subject to the routine noncompliance of litigants." *Id.*;

19  *see also Yourish,* 191 F.3d at 990 (a party's deliberate noncompliance with a court order to amend

20  a complaint "allowed the Plaintiffs to control the pace of the docket rather than the Court,"

21

22

23
        [2] The third transfer occurred after plaintiff filed his amended complaint on November 18,
24  2016. Dkt. 109.

1    thereby favoring dismissal) (internal quotation marks omitted). Accordingly, this factor weighs in

2    favor of dismissal.

3         ### 3.   *Risk of prejudice to Defendants*

4

5         In order prove prejudice, defendants must establish that "plaintiff's actions impair[ed] the

     defendant's ability to proceed to trial or threaten[ed] to interfere with the rightful decision of the

6    case." *Malone v. United States Postal Serv.,* 833 F.2d 128, 131 (9th Cir.1987). "Prejudice itself

7    usually takes two forms—loss of evidence and loss of memory by a witness. In every case of

8    delay, a district court in the exercise of its discretion should consider whether such losses have

9    occurred and if so, whether they are significant." *Nealey v. Transportacion Maritima Mexicana,*

10   *S. A.,* 662 F.2d 1275, 1281 (9th Cir. 1980); *see also In re Phenylpropanolamine (PPA) Prods.*

11   *Liab. Litig.,* 460 F.3d 1217, 1228 (9th Cir. 2006) ("Prejudice normally consists of loss of evidence

12   and memory.").

13        In this case, according to defendants, the delay in this case has "undoubtedly prejudiced

14   defendants' ability to present their case because '[u]necessary delay inherently increases the risk

15   that witnesses' memories will fade and evidence will become stale.'" Dkt. 110 at 5 (*citing*

16   *Pagtalunan v. Galaza,* 291 F.3d 639, 643 (9th Cir. 2002)). Plaintiff does not offer any opposition

17   to rebut defendants' contention. The Court finds that this factor also favors dismissal.

18

19        ### 4.   *Public policy favoring disposition of cases on their merits*

20        "Public policy favors disposition of cases on the merits." *Pagtalunan,* 291 F.3d at 643.

21   Here, dismissing this matter pursuant to Rule 41(b) would end this matter before resolution on its

22   merits. Thus, this factor "clearly counsels against dismissal." *Hernandez,* 138 F.3d at 399.

23   //

24

1

2

### 5. *The availability of less drastic alternatives*

3

In the Ninth Circuit, a district court's failure to consider less drastic alternatives generally

4

weighs against dismissal. *Pagtalunan,* 291 F.3d at 643. Although "it is not always necessary for

5

the court to impose less serious sanctions first, or to give any explicit warning," *Valley Engineers*

6

*Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998), in general it is relevant to the

7

determination of a Rule 41(b) motion whether the district court "implement[ed] alternative

8

methods of sanctioning or curing the malfeasance before ordering dismissal," or "warn[ed] the

9

plaintiff of the possibility of dismissal before actually ordering dismissal," *Malone,* 833 F.2d at

10

132; *see also id.* ("Moreover, explicit discussion of alternatives is unnecessary if the district court

11

actually tries alternatives before employing the ultimate sanction of dismissal."). Furthermore,

12

"when a case is still young, a district court must consider less drastic alternative sanctions before

13

dismissing." *Raiford,* 640 F.2d at 945 (9th Cir. 1981) (reversing dismissal of a case that was

14

approximately one year old, and plaintiff complied with the Court's request twenty-two days after

15

the deadline.) (internal quotation marks and alteration omitted).

16

Here, the Court is mindful of the fact that in its August 9, 2016 Order, the Court explicitly

17

stated that failure to comply with the Court's Order would result in dismissal without prejudice.

18

*See* Dkt. 103 at 3-4 ("If plaintiff fails to file his amended complaint by August 19, 2016, the Court

19

*will* dismiss this action without prejudice.") (emphasis added). However, there are less drastic

20

alternatives available. As defendants alternatively request in their motion, and as discussed below,

21

the Court grants defendants an extension to file an answer. In addition, as is also discussed below,

22

the Court recommends striking the noncompliant portions of plaintiff's amended complaint.

23

Moreover, plaintiff filed the instant action in July 2015. *See* Dkt. 1. Accordingly, this matter has

24

1    been pending before this Court for 18 months, a fact which is neutral. *See Raiford,* 640 F.2d at

2    945. Under these circumstances, the Court finds that this factor weighs against dismissal.

3              **6.    *Conclusion***

4              In summary, the Court finds that the public's interest in expeditious resolution of litigation

5    favors dismissal but that plaintiff has alleged facts showing cause for his noncompliance. The

6    Court's need to manage its docket and the risk of prejudice to defendants weigh in favor of

7    dismissal. However, public policy favoring disposition of cases on their merits, and the

8    availability of less drastic alternatives weigh against dismissal. Furthermore, dismissal pursuant to

9    Rule 41(b) is a "harsh penalty" to be employed only in "extreme circumstances." *Thompson,* 782

10   F.2d at 831. In addition, the Court recognizes that plaintiff is proceeding *pro* se, and the rule of

11   liberal construction is important in civil rights cases. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

12   (9th Cir. 1992)*.* Therefore, on balance, the Court concludes that plaintiff's noncompliance with

13   the August 9, 2016 Order does not justify dismissal of this action, and the Court recommends

14   denying defendants' motion for involuntary dismissal (Dkt. 110).

15             However, in light of the fact that plaintiff's amended complaint still fails to comply with

16   the Court's August 9, 2016 order, the undersigned recommends that the claims alleged by

17   plaintiff in his amended complaint which have previously been dismissed be stricken.[3] Dkt. 61;

18   Dkt. 73; Dkt. 75; Dkt. 85; Dkt. 109. Under Rule 12(f) of the Federal Rules of Civil Procedure, a

19   court may strike from a complaint "an insufficient defense or any redundant, immaterial,

20   impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to

21   _____

22             [3] Plaintiff's leave to file an amended complaint was limited to allege facts related to his
     Eighth Amendment claim, and to allege facts showing the personal participation of Randy Smith,
23   Matthew Nelson, Charles Jones, Richard Kautz, Josh Brule, William Nelson, Marcia
     McCormick, Daniel Davis, Lisa Ross, Pam Perdue, Christine McRae, Jeffrey Smith, Kerri
24   McTarsney, and Gregory Jones. Dkt. 61; Dkt. 75.

1  strike is to avoid the expenditure of time and money that must arise from litigating spurious

2  issues." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983). The Court

3  recommends striking plaintiff's Fifth and Fourteenth Amendment claims and allegations against

4  defendants Flemming, Presswood and Casey in his amended complaint. *See* Dkt. 109.

5  **B.  Extension to File Answer**

6  In the alternative, defendants move for a thirty day extension to file an answer. Dkt. 110.

7  The undersigned recommends that defendants' motion for extension be granted and that the

8  answer be due at a date set by the Court.

9  **C.  Instructions to Plaintiff**

10  As stated above, the Court recognizes that plaintiff is a pro se litigant and that he may be

11  entitled to leeway on certain matters because of that status.  However, that leeway does not extend

12  to ignorance of, or blatant disregard of, the Federal Rules of Civil Procedure or the Local Rules of

13  this Court.  The Court remains aware of its need to promote efficient function of its docket, and to

14  eliminate any future prejudice to defendants. Plaintiff chose to litigate his action in this Court and

15  it is therefore incumbent upon him to familiarize himself with, and to follow, the Rules applicable

16  to such actions.  The Court will impose appropriate sanctions in the future should plaintiff fail to

17  do so.

18  **CONCLUSION**

19  The Court recommends denying defendants' motion for voluntary dismissal and granting

20  defendants' motion for extension. Dkt. 100. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

21  P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written

22  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

23  objections for purposes of de novo review by the district judge.  *See* 28 U.S.C. § 636(b)(1)(C).

24

1   Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the

2   matter for consideration on **February 3, 2017** as noted in the caption.

3       Dated this 11th day of January, 2017.

4

5                                    J. Richard Creatura
                                     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24