UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PATRICK R GLEBE et al.,

    Defendants.

CASE NO. 3:15-CV-05484-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 3, 2017

Plaintiff Ossie Lee Slaughter filed a motion entitled "Motion for Reconsideration of Preliminary Injunction/Temporary Restraining Order," which the Court construes as a motion for preliminary injunction.[1] Dkt. 128. The Court concludes that plaintiff is seeking injunctive relief on matters outside the claims raised in the underlying action. Accordingly, the Court recommends the motion for preliminary injunction be denied.

---

[1] The Court notes that the relief sought in plaintiff's motion for preliminary injunction is not entirely clear. To the extent that plaintiff seeks reconsideration of the Court's order denying his previous request for injunctive relief, Dkts. 61, 74, plaintiff is advised that his motion for reconsideration was denied, Dkt. 77. A second motion for reconsideration should be denied as untimely. *See* Local Rule 7(h)(2) (motions for reconsideration shall be filed within fourteen days after the order to which it relates is filed).

REPORT AND RECOMMENDATION- 1

## BACKGROUND

Plaintiff is a Washington state prisoner in the custody of the Department of Corrections ("DOC") and is currently housed at the Coyote Ridge Corrections Center ("CRCC"). *See* Dkt 114. At the time plaintiff initiated this lawsuit he was incarcerated at Stafford Creek Corrections Center ("SCCC").[2] Dkt. 12 at 2.

Plaintiff filed his motion for preliminary injunction on January 24, 2017. Dkt. 128. On January 27, 2017 defendants filed a response Dkt.131. Plaintiff has not filed a reply.

## DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should

---

[2] Plaintiff was transferred from SCCC to CRCC in July 2015, *see* Dkt. 9, 10, to Monroe Corrections Center ("MCC") in April 2016, *see* Dkt. 83, to Washington State Penitentiary in June 2016, *see* Dkts. 94, 96, 97, and back to CRCC in December 2016, *see* Dkts. 114, 115.

1  not issue an injunction when the relief sought is not of the same character and the injunction
2  deals with a matter lying wholly outside the issues in the underlying action. *Id*.
3       The claims pending in the amended complaint are whether defendants, all SCCC
4  employees, violated plaintiff's First and Eighth Amendment rights when plaintiff received an
5  infraction at SCCC on June 11, 2015 and plaintiff's subsequent placement in administrative
6  segregation and transfer to CRCC. Dkt. 109.
7       In his motion for preliminary injunction, plaintiff asks for an order transferring him from
8  CRCC to a different facility, preferably SCCC or Monroe Corrections Complex. Dkt. 128 at 1-2.
9  Plaintiff alleges he is being subjected to "direct and/or indirect reprisal" at CRCC. *Id.* at 3.
10 Plaintiff alleges that while housed at CRCC, "defendants and/or their coworkers" have retaliated
11 against him for filing the underlying lawsuit, specifically, confiscating and destroying his legal
12 property, harassing plaintiff, intimidating plaintiff, and discriminating against plaintiff. Dkt. 128
13 at 5, 6 (affidavit alleging that CRCC staff retaliated against him and denied him medical
14 treatment). In support of his motion, plaintiff attached copies of grievances filed in January 2017
15 at CRCC, complaining of CRCC staff conduct and a lack of medical treatment. Dkt 128 at 8-23.
16 Plaintiff is alleging that the conduct of nonparties at CRCC is somehow related to the June 2015
17 infraction at SCCC, but plaintiff has not set forth any evidence to establish a connection between
18 the alleged conduct and the defendants in this case.
19      The conduct alleged in the motion for preliminary injunction occurred over a year after
20 plaintiff initiated this lawsuit and arise out of a completely different set of facts than those
21 alleged in the amended complaint – namely that plaintiff's constitutional rights were violated
22 based on defendants' conduct in 2015 at SCCC.  The parties plaintiff is asking the court to enjoin
23 are not before the Court in the current action and the claims asserted are unrelated to the claims
24

alleged in the amended complaint. Therefore, the Court cannot issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *See Zepeda v. U.S. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1984) (Absent a substantial relationship, a court may not enter an injunction against nonparties.).

**CONCLUSION**

Plaintiff's motion for preliminary injunction is not based upon the claims pled in the amended complaint. Accordingly, the Court recommends the motion be denied. The Court also recommends that plaintiff's request for oral argument be denied. *See* Local Rule 7(b)(4) (All motions are decided without oral argument unless otherwise ordered by the Court).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 3, 2017** as noted in the caption.

Dated this 9th day of February, 2017.

J. Richard Creatura
United States Magistrate Judge