1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

OSSIE LEE SLAUGHTER,

Plaintiff,

8

v.

9

PATRICK R. GLEBE, et al.,

10

Defendants.

11

CASE NO. C15-5484BHS-JRC

ORDER DENYING OBJECTIONS
AND ADOPTING REPORTS AND
RECOMMENDATIONS

12       This matter comes before the Court on the Report and Recommendation ("R&R")

13   of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 124), and

14   Plaintiff Ossie Lee Slaughter's ("Slaughter") objections to the R&R (Dkt. 125). Also

15   before the Court is Judge Creatura's R&R (Dkt. 133) on Slaughter's motion for a

16   preliminary injunction (Dkt. 128).

17       On August 7, 2015, Slaughter filed a prisoner civil rights complaint, alleging

18   claims under the First, Fifth, Eighth, and Fourteenth Amendments. Dkt. 12 at 5–9.

19   Although Slaughter did not file a motion for a preliminary injunction, Slaughter

20   requested a preliminary injunction in his complaint to prevent him from being transferred

21   to another prison. *Id.* at 8.

22

On October 8, 2015, Defendants moved to dismiss Slaughter's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 44. On December 9, 2015, Judge Creatura recommended denying Defendants' motion as to Slaughter's First Amendment claim. Dkt. 61 at 14–17. Judge Creatura also recommended granting Defendants' motion with regard to Slaughter's remaining claims, but with leave to amend his Eighth Amendment claim and the personal participation of certain individual defendants. *Id.* at 7–14. Finally, Judge Creatura recommended denying Slaughter's request for preliminary injunctive relief as moot. *Id.* at 19–20.

On January 4, 2016, Slaughter filed objections to the R&R. Dkt. 66. On January 21, 2016, Defendants responded. Dkt. 69. On February 23, 2016, the Court adopted Judge Creatura's recommendations, dismissing numerous claims and granting Slaughter leave to amend his complaint as to his Eighth Amendment claim by March 18, 2016. Dkt. 73.

On November 7, 2016, Slaughter filed his amended complaint. Dkt. 109. Despite numerous extensions, Slaughter filed the amended complaint months after his latest extended deadline of August 19, 2016. *See* Dkts. 91, 84, 103. On November 18, 2016, Defendants moved to dismiss Slaughter's complaint under Fed. R. Civ. P. 41(b) for failure to timely file his amended complaint. Dkt. 110. In the alternative, Defendants requested an extension to answer the amended complaint. *Id.* On December 13, Slaughter responded to the motion to dismiss. Dkt. 117. On December 15, 2016, Defendants replied. Dkt. 119.

On January 11, 2017, Judge Creatura issued the R&R denying Defendants' motion to dismiss under Rule 41(b). Dkt. 124. Judge Creatura also recommended granting

Defendants' request for an extension to answer Slaughter's amended complaint. *Id.* On August 22, 2016, Slaughter objected to the R&R. Dkt. 125. On February 1, 2017, Defendants responded to Slaughter's objections. Dkt. 132.

When considering a nondispositive order from a magistrate judge, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).

Slaughter objects to the R&R on three grounds. First, he objects to Judge Creatura's analysis on whether Defendants suffered prejudice from his unreasonable failure to timely amend his complaint. *See* Dkt. 125 at 3–4. Second, he objects to the extension to file an answer. *See* Dkt. 125 at 3–4. Third, he objects to Judge Creatura's recommendation to strike the claims that the Court has already dismissed on Defendant's previous Rule 12 motion. *See* Dkt. 73. The Court rejects Slaughter's objections because he has failed to show that the R&R is clearly erroneous or contrary to law.

First, Judge Creatura generously ruled in Slaughter's favor when he refused to dismiss the amended complaint, despite the fact that it was filed months after the twice extended deadline. Because the issue of dismissal was decided in favor of Slaughter, his objection to the R&R's analysis on the third *Moran* factor for involuntary dismissal serves no purpose, *see* Dkt. 125 at 2–5, and the Court need not address it.

Second, the Court rejects Slaughter's objection to Judge Creatura's order granting an extension to answer. *See* Dkt. 125 at 3–4. Because Defendants' motion to dismiss was not made under Rule 12, it did not automatically toll their time to answer the amended complaint. *See* Fed. R. Civ. P. 12(a)(1), (a)(4). Therefore, the extension was merited to

1   afford Defendants an opportunity to receive a ruling on their dispositive motion prior to

2   incurring potentially unnecessary litigation costs. Moreover, there is no indication that

3   Slaughter will suffer any form of prejudice from the extension. The lack of prejudice is

4   strongly evidenced by the numerous extensions Slaughter requested and received before

5   filing his amended complaint, as well as his failure to amend until months after the

6   extended deadlines had passed.

7        Third, the Court rejects Slaughter's objection to the recommendation that the

8   claims previously dismissed by the Court be stricken from the amended complaint. *See*

9   Dkt. 125 at 5–7. Slaughter was not granted leave to amend his Fifth and Fourteenth

10  Amendment claims or his claims against defendants Flemming, Presswood, and Casey,

11  *see* Dkt. 61 at 10–13. Therefore it was inappropriate to include them in his amended

12  complaint. Regardless, the amended complaint does not cure the deficiencies in those

13  claims. *See* Dkts. 12, 61, 109. They are appropriately stricken. Remaining before the

14  Court are Slaughter's First and Eighth Amendment claims. Whether the amended

15  complaint has cured the pleading deficiencies that warranted the previous dismissal of

16  Slaughter's Eighth Amendment claim remains to be seen, as the issue was not raised in

17  the dispositive motion addressed by the R&R.

18       Additionally, the Court adopts Judge Creatura's R&R regarding Slaughter's

19  motion for a preliminary injunction. *See* Dkts. 128, 133. While Slaughter's lawsuit brings

20  claims against employees at Stafford Creek Corrections Center ("SCCC"), *see* Dkt. 103,

21  his motion for preliminary injunction seeks relief from nonparty employees at Coyote

22  Ridge Corrections Center ("CRCC"). Dkt. 128. While Plaintiff claims that the conduct of

the nonparties at CRCC is somehow related to the conduct of Defendants at SCCC, he

has failed to set forth any facts supporting such an allegation. *See* Dkt. 128. Therefore,

the Court agrees with the R&R that the requested prospective relief must be denied. *See*

*De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (denying the

requested prospective relief when "[i]t is not an injunction in the cause, and it deals with

a matter lying wholly outside the issues in the suit.").

Therefore, the Court having considered the R&Rs, Slaughter's objections, and the

remaining record, it is hereby **ORDERED** that:

1.  The R&R denying dismissal, granting an extension, and striking Slaughter's

    previously dismissed claims (Dkt. 124) is **ADOPTED**;

2.  The R&R denying Slaughter's motion for a preliminary injunction (Dkt. 133)

    is **ADOPTED**;

3.  Defendants shall answer the amended complaint no later than March 24,

    2017.

Dated this 21st day of February, 2017.

BENJAMIN H. SETTLE
United States District Judge