1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

                                Plaintiff,

v.

PATRICK R. GLEBE, et al.,

                                Defendants.

CASE NO. C15-5484BHS-JRC

ORDER VACATING IN PART
PREVIOUS ORDER, ADOPTING
REPORT AND
RECOMMENDATION, AND
DENYING RECONSIDERATION

        This matter comes before the Court on the Report and Recommendation ("R&R")

of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 133), and

Plaintiff Ossie Lee Slaughter's ("Slaughter") objections to the R&R (Dkt. 135). Also

before the Court is Slaughter's motion for reconsideration on the issue of a preliminary

injunction (Dkt. 136).

        On August 7, 2015, Slaughter filed a prisoner civil rights complaint, alleging

claims under the First, Fifth, Eighth, and Fourteenth Amendments. Dkt. 12 at 5–9.

Although Slaughter did not file a motion for a preliminary injunction, he requested a

preliminary injunction in his complaint to prevent him from being transferred to another

prison. *Id.* at 8.

        On October 8, 2015, Defendants moved to dismiss Slaughter's complaint for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 44. On

1   December 9, 2015, Judge Creatura recommended denying Defendants' motion as to

2   Slaughter's First Amendment claim. Dkt. 61 at 14–17. Judge Creatura also recommended

3   granting Defendants' motion with regard to Slaughter's remaining claims, but with leave

4   to amend his Eighth Amendment claim and the personal participation of certain

5   individual defendants. *Id.* at 7–14. Finally, Judge Creatura recommended denying

6   Slaughter's request for preliminary injunctive relief as moot. *Id.* at 19–20.

7       On January 4, 2016, Slaughter filed objections to the R&R. Dkt. 66. On January

8   21, 2016, Defendants responded. Dkt. 69. On February 23, 2016, the Court adopted Judge

9   Creatura's recommendations, dismissing numerous claims and granting Slaughter leave

10  to amend his complaint as to his Eighth Amendment claim by March 18, 2016. Dkt. 73.

11      On November 7, 2016, Slaughter filed his amended complaint. Dkt. 109. Despite

12  numerous extensions, Slaughter filed the amended complaint months after his latest

13  extended deadline of August 19, 2016. *See* Dkts. 91, 84, 103. On November 18, 2016,

14  Defendants moved to dismiss Slaughter's complaint under Fed. R. Civ. P. 41(b) for

15  failure to timely file his amended complaint. Dkt. 110. In the alternative, Defendants

16  requested an extension to answer the amended complaint. *Id.* On December 13, Slaughter

17  responded to the motion to dismiss. Dkt. 117. On December 15, 2016, Defendants

18  replied. Dkt. 119.

19      On January 11, 2017, Judge Creatura issued the R&R denying Defendants' motion

20  to dismiss under Rule 41(b). Dkt. 124. Judge Creatura also recommended granting

21  Defendants' request for an extension to answer Slaughter's amended complaint. *Id.* On

22  August 22, 2016, Slaughter objected to the R&R. Dkt. 125. On February 1, 2017,

1  Defendants responded to Slaughter's objections. Dkt. 132. After considering the

2  objections, the Court nonetheless adopted the R&R. Dkt. 134.

3      On February 21, 2017, when the Court adopted the R&R on Defendant's motion

4  to dismiss (Dkt. 124), the Court also adopted the R&R on Slaughter's motion for a

5  preliminary injunction (Dkt. 133). In doing so, the Court erroneously adopted the R&R

6  before it was ripe for consideration. The R&R was not noted for consideration until

7  March 3, 2017, as Slaughter retained the right to object to the R&R until that date

8  pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Dkt. 133. On March 1, 2017,

9  Slaughter objected to the R&R. Dkt. 135. Accordingly, the Court vacates its previous

10  order (Dkt. 134) to the extent that it addresses Slaughter's motion for preliminary

11  injunction and now considers Slaughter's objections (Dkt. 135).

12      Additionally, Slaughter has moved for reconsideration on the denial of his motion

13  for preliminary injunction. Dkt. 136. The Court also considers this motion for

14  reconsideration.

15      When considering a nondispositive order from a magistrate judge, the district

16  judge must consider timely objections and modify or set aside any part of the order that is

17  clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72(a).

18      Although the Court was mistaken in adopting the R&R prior to giving Slaughter

19  the opportunity to object, the Court now adopts Judge Creatura's R&R regarding

20  Slaughter's motion for a preliminary injunction for the same reasons stated in its previous

21  order. *See* Dkt. 134. While Slaughter's lawsuit brings claims against employees at

22  Stafford Creek Corrections Center ("SCCC"), *see* Dkt. 103, his motion for preliminary

1    injunction seeks relief from nonparty employees at Coyote Ridge Corrections Center

2    ("CRCC"). Dkt. 128. While Plaintiff claims that the conduct of the nonparties at CRCC is

3    somehow related to the conduct of Defendants at SCCC, he has failed to set forth any

4    facts supporting such an allegation. *See* Dkt. 128. Slaughter's objections fail to address

5    the underlying basis for the R&R's conclusion; namely, that the injunctive relief

6    Slaughter seeks against employee defendants at the CRCC is not based upon the claims

7    pled in his complaint. *See* Dkt. 133 at 4. Therefore, the Court agrees with the R&R that

8    the requested injunction must be denied. *See De Beers Consol. Mines v. United States*,

9    325 U.S. 212, 220 (1945) (denying the requested prospective relief when "[i]t is not an

10   injunction in the cause, and it deals with a matter lying wholly outside the issues in the

11   suit.").

12       Motions for reconsideration are governed by Federal Rule of Civil Procedure 60

13   and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

14       Motions for reconsideration are disfavored. The court will ordinarily deny
         such motions in the absence of a showing of manifest error in the prior
15       ruling or a showing of new facts or legal authority which could not have
         been brought to its attention earlier with reasonable diligence.
16
17   The Ninth Circuit has described reconsideration as an "extraordinary remedy, to

     be used sparingly in the interests of finality and conservation of judicial resources." *Kona*

18   *Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James

19   Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for

20   reconsideration should not be granted, absent highly unusual circumstances, unless the

21   district court is presented with newly discovered evidence, committed clear error, or if

22

ORDER - 4

1  there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street*

2  *Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

3        Slaughter has not raised any issues for reconsideration that were not argued in his

4  original motion for preliminary injunction or in his objections to the R&R. He has failed

5  to provide any new or additional authority suggesting that the Court may grant him

6  injunctive relief beyond the scope of the claims set forth in his complaint. Additionally,

7  he has failed to present any new evidence sufficiently tying the conduct of CRCC

8  employees, for which he now seeks prospective relief, to the conduct of SCCC

9  employees upon which his lawsuit is based.

10        Therefore, the Court having considered the R&R, Slaughter's objections, and the

11  remaining record, it is hereby **ORDERED** that:

12      1. The Court's previous order (Dkt. 134) is **VACATED in part**, insofar as it

13         pertains to Slaughter's motion for a preliminary injunction (Dkt. 133);

14      2. The R&R denying Slaughter's motion for a preliminary injunction (Dkt. 133)

15         is **ADOPTED** for the reasons stated herein;

16      3. The motion for preliminary injunction (Dkt. 128) is **DENIED**; and

17      4. Slaughter's motion for reconsideration (Dkt. 136) is **DENIED**.

18  Dated this 3rd day of March, 2017.

19

20  BENJAMIN H. SETTLE
   United States District Judge

21

22