UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OSSIE LEE SLAUGHTER,<br><br>              Plaintiff,<br><br>    v.<br><br>PAT GLEBE, et al.,<br><br>              Defendants. | CASE NO. C15-5484BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR TELEPHONIC HEARING |

This matter comes before the Court on Plaintiff Ossie Lee Slaughter's ("Slaughter") motion for reconsideration of the Court's order denying a preliminary injunction. Dkt. 142. Also before the Court is Slaughter's motion for a telephonic hearing Dkt. 141.

On January 24, 2017, Slaughter filed a motion for preliminary injunction. Dkt. 128. On February 9, 2017, Judge Creatura issued a report and recommendation ("R&R") that the Court deny a preliminary injunction. Dkt. 133. On February 21, 2017, the Court adopted the R&R. Dkt. 134. On February 28, 2017, Slaughter filed objections to the R&R and filed a motion for reconsideration on the Courts' order adopting the R&R. Dkts. 135, 136. On March 3, 2017, the Court vacated its previous order because it had erroneously

adopted the R&R before it was ripe. Dkt. 138. The Court then considered Slaughter's objections and issued a new order, once again adopting the R&R. *Id.* The Court also denied Slaughter's motion for reconsideration on the issue of the preliminary injunction. *Id.*

On March 16, 2017, Slaughter again moved for reconsideration on his motion for preliminary injunction. Dkt. 142. Slaughter also requested a telephonic hearing on the motion. Dkt. 141. On March 24, 2017, Defendants responded to the motion for a telephonic hearing. Dkt. 147.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules, W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Slaughter fails to meet his burden on reconsideration. He fails to show any manifest error of law or submit new evidence that could not have been brought to the Court's attention earlier. Local Rules, W.D. Wash. LCR 7(h)(2). Slaughter has once again failed to raise any issues or arguments for reconsideration that were not argued in his original motion for preliminary injunction, his objections to the R&R, or his first motion for reconsideration. Therefore, Slaughter's motion for reconsideration (Dkt. 142) is **DENIED**. Slaughter's motion for a telephonic hearing (Dkt. 141) on the preliminary injunction issue is also **DENIED**. Additionally, the Court instructs that Slaughter shall not file any more motions for reconsideration relating to his motion for preliminary injunction (Dkt. 128).

**IT IS SO ORDERED**.

Dated this 24th day of April, 2017.

BENJAMIN H. SETTLE
United States District Judge