1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

OSSIE LEE SLAUGHTER,

11

Plaintiff,

CASE NO. 3:15-cv-05484-BHS-JRC

12

v.

ORDER DENYING MOTION FOR
ORDER TO SHOW CAUSE, MOTION
FOR INJUNCTIVE RELIEF, AND
MOTION FOR TELEPHONIC HEARING,
AND GRANTING MOTION FOR
EXTENSION

13

PATRICK R. GLEBE, et al.,

14

Defendants.

15

16      The District Court has referred this action under 28 U.S.C. § 1983 to United States

17   Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A)

18   and (B), and local Magistrate Judge Rules MJR3 and MJR4.

19      Plaintiff Ossie Lee Slaughter filed a motion requesting various relief. He asks for

20   injunctive relief in moving him out of the Coyote Ridge Corrections Center ("CRCC"), for an

21   order that defendants show cause why they haven't provided discovery, for a telephonic hearing

22   regarding those motions, and for an extension of the discovery deadline. However, plaintiff's

23   request for injunctive relief is unrelated to his underlying claims and he has already received his

24

1  requested discovery. Therefore, the Court denies his motion for an order to show cause, motion

2  for injunctive relief, and motion for telephonic hearing. However, noting that plaintiff received

3  the discovery after filing his motion for extension, the Court grants that motion.

4  **BACKGROUND**

5  Plaintiff Ossie Lee Slaughter is a Washington state prisoner in the custody of the

6  Department of Corrections and is currently housed at the Washington State Penitentiary

7  ("WSP"). Dkt. 154. At the time plaintiff filed his original complaint, he was housed at the

8  Stafford Creek Corrections Center ("SCCC"). Dkt. 109 at 2.

9  Plaintiff alleges that his constitutional rights were violated when he was cited for an

10 infraction on June 11, 2015, and when he was subsequently placed in administrative segregation

11 and transferred to CRCC. Dkt. 109 at 9-16. He filed his original complaint and an application to

12 proceed *in forma pauperis* on July 14, 2015. Dkt. 1. After filing an answer, defendants filed a

13 motion to dismiss for failure to state a claim on October 8, 2015. Dkt. 44.

14 Pursuant to a recommendation from this Court, the Honorable Benjamin H. Settle denied

15 the motion with respect to plaintiff's First Amendment claims, but granted the motion on his

16 other claims, allowing plaintiff leave to amend his Eight Amendment claim and include

17 additional defendants. Dkt. 73 at 2. Plaintiff filed an amended complaint on November 7, 2016.

18 Dkt. 109. Defendants filed an answer on March 24, 2017 (Dkt. 146) and the Court entered a

19 pretrial scheduling order on April 3, 2017 (Dkt. 148). The Court set the discovery deadline for

20 September 30, 2017. Dkt. 148. Plaintiff filed this motion for an order to show cause, motion for

21 injunctive relief, and motion for telephonic hearing on August 21, 2017. Dkt. 156. He

22 subsequently filed his motion for an extension on September 18, 2017. Dkt. 160.

23

24

**DISCUSSION**

## I.      Motion for Order to Show Cause

Plaintiff requests an order that defendants show cause why "they have not diligently put forth the effort to either reconcile the matter above and provide Mr. Slaughter with relief or . . . provide Mr. Slaughter with all his overdue request[s] for discovery evidence . . . ." Dkt. 156 at 3. As the Court has already noted in a previous order (Dkt. 153), Federal Rule of Civil Procedure 7(a) sets forth the pleadings allowed, and the Court cannot order the parties to enter into a settlement or involve itself with settlement negotiations. Therefore, the Court denies plaintiff's motion on this ground. (Dkt. 156).

Further, insofar as plaintiff requests that the Court order defendants to show cause why they have not provided discovery, defendants state they have provided plaintiff with their objections and answers to his sole discovery request. Dkt. 163. However, the record does not indicate what, if any, further discovery materials are still in dispute. Therefore, the Court denies the motion (Dkt. 156) without prejudice. The parties may file a later motion to compel if a discovery dispute arises that cannot be resolved without the Court's intervention.

## II.     Motion for Injunctive Relief

Plaintiff also requests injunctive relief, asking the court to order that he be transferred out of CRCC and provide a "temporary restraining order" against CRCC and the WSP. Dkt. 156 at 2-3. Injunctive relief is intended only to give intermediate relief of the same character that will be granted if the party seeking the injunction should succeed on the underlying claims. A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations and quotation omitted). Further, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not

ORDER DENYING MOTION FOR ORDER TO SHOW
CAUSE, MOTION FOR INJUNCTIVE RELIEF, AND
MOTION FOR TELEPHONIC HEARING, AND
GRANTING MOTION FOR EXTENSION - 3

have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 910 F.3d 631, 633 (9th Cir. 2015).

Plaintiff first requests an order transferring him out of CRCC. However, plaintiff has already been transferred out of CRCC (Dkt. 154), so this aspect of the motion is moot. Further, plaintiff's other request is unrelated to his underlying claims. Plaintiff asks that a restraining order be entered against CRCC and WSP, seemingly because of harm he faced in those facilities. Dkt. 156 at 3. However, plaintiff's amended complaint focuses on an alleged wrongful infraction plaintiff received while housed at SCCC and his subsequent placement in administrative segregation. Dkt. 109 at 14-16. Though his complaint alleges actions taken against him while at CRCC (*Id.* at 16-17), plaintiff's motion only alleges vindictive action by "defendant's coworker's [sic]" rather than action by defendants themselves (Dkt. 160 at 2). Because of this, plaintiff's motion for an injunction is based on claims not contained in his complaint. *Pac. Radiation Oncology*, 910 F.3d at 633. Preliminary injunction is not an appropriate remedy here. Therefore, the Court denies plaintiff's motion for injunctive relief. Dkt. 156.

### III.    Motion for Telephonic Hearing

Plaintiff has also filed a request to appear telephonically at a hearing regarding his motion for order to show cause. Dkt. 156 at 1. Oral argument is not generally conducted on motions submitted to the Court. *See* Local Court Rule 7(b)(4). Occasionally, the Court may order oral argument. *Id.* But here, the Court has not done so, nor does the Court believe oral argument is necessary to rule on plaintiff's motions. Therefore, the Court denies plaintiff's motion for a telephonic hearing. Dkt. 156.

**IV.    Motion for Extension**

Plaintiff requests an extension both because he is awaiting the Court's decision on the above noted motions and because he has not yet received discovery responses from defendants. Dkt. 160 at 2, 4. Defendants state that they have, in fact, responded to plaintiff's discovery request. Dkt. 1-2. They also argue that, because plaintiff has not diligently pursued discovery, his motion for extension should be denied. Dkt. 162. Though defendants have provided plaintiff's requested discovery, they provided the discovery on September 22, 2017, before the original discovery deadline but five days after plaintiff filed his motion for extension. Dkt. 163. Thus, in the interests of justice, the Court grants plaintiff's motion for extension. The deadline for discovery is extended to November 27, 2017 and the deadline for dispositive motions is extended to January 26, 2018.

**CONCLUSION**

Plaintiff's injunctive relief is unrelated to his underlying claim and he has already received his requested discovery. Therefore, the Court denies plaintiff's motion for an order to show cause, motion for injunctive relief, and motion for a telephonic hearing. Dkt. 156. However, out of an abundance of caution and noting that plaintiff received the discovery after filing his motion, the Court grants plaintiff's motion for extension. Dkt. 160.

The discovery deadline is extended to November 27, 2017. The deadline for dispositive motions is extended to January 26, 2018.

Dated this 11th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING MOTION FOR ORDER TO SHOW
CAUSE, MOTION FOR INJUNCTIVE RELIEF, AND
MOTION FOR TELEPHONIC HEARING, AND
GRANTING MOTION FOR EXTENSION - 5