UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

          Plaintiff,

  v.

PATRICK R. GLEBE, et al.,

          Defendants.

CASE NO. 3:15-cv-05484-BHS-JRC

ORDER DENYING MOTION FOR RECONSIDERATION

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Ossie Lee Slaughter asks the Court to reconsider its previous rulings denying his motions for appointment counsel and for injunctive relief. However, plaintiff has not provided new evidence that would alter the Court's prior determinations and has not otherwise shown that the Court's decisions were incorrect. Therefore, the Court declines to reconsider its previous determinations. Plaintiff's motion for reconsideration is denied.

# BACKGROUND

Plaintiff is a Washington state prisoner in the custody of the Department of Corrections and is currently housed at the Washington State Penitentiary ("WSP"). Dkt. 154. At the time plaintiff filed his original complaint, he was housed at the Stafford Creek Corrections Center ("SCCC"). Dkt. 109 at 2. Plaintiff alleged that his constitutional rights were violated when he was cited for an infraction on June 11, 2015, and when he was subsequently placed in administrative segregation before being transferred to the Coyote Ridge Corrections Center ("CRCC"). He filed his original complaint and an application to proceed *in forma pauperis* in July of 2015. Dkt. 1. Pursuant to Court order, plaintiff filed an amended complaint in November of 2016. Dkt. 109. Defendants filed an answer (Dkt. 146) and the Court entered a pretrial scheduling order (Dkt. 148) that was subsequently extended (Dkts. 156, 164). Prior to his present motion, plaintiff requested injunctive relief, appointment of counsel, and reconsideration of this Court's determinations several times. *See* Dkts. 57, 74, 87, 98, 128, 135, 136, 142, 156.

In October of 2017, plaintiff filed a letter titled "Re: Appointment of Counsel and (TRO) Provided Exigently," which the Court interprets as a motion for reconsideration. Dkt. 166. He requests that the Court reinstate and grant his previous motion for appointment of counsel and motion for injunctive relief. *Id.* at 1.[1] He further asks the Court to grant him relief "without further delay because as it stands, [his] present peril[ous] predicament" is becoming worse. *Id.* Defendants filed a response to this motion (Dkt. 167) and plaintiff filed a reply (Dkt. 168).

---

[1] Plaintiff does not identify which specific decisions he requests the Court to reconsider. Therefore, the Court interprets his motion as asking the Court to reconsider its most recent rulings denying plaintiff court appointed counsel and denying him injunctive relief. Dkts. 64, 164.

**DISCUSSION**

The Court interprets plaintiff's letter as a motion to reconsider its previous decisions denying plaintiff a temporary restraining order and denying plaintiff court appointed counsel. Dkt. 64, 164. Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Defendants state that the Honorable Benjamin H. Settle has already forbidden plaintiff from filing additional motions for reconsideration pertaining to his motion for preliminary injunction. Dkt. 167 at 2. It is true that Judge Settle ordered plaintiff to cease filing additional motions for reconsideration relating to a motion for preliminary injunction. Dkt. 150 at 3. However, this restriction appears to be limited only to motions for reconsideration on one particular motion for preliminary injunction, not for subsequent motions for preliminary injunction. *Id*. Therefore, it appears plaintiff's current motion is not barred by Court order and the Court will analyze the motion on the merits.

## I. Reconsideration of Motion for Preliminary Injunction

Plaintiff has not provided a legitimate reason for this Court to reconsider its previous denial of his motion for injunctive relief. Both this Court and the District Court have denied plaintiff injunctive relief on a number of occasions. *See* Dkts. 77, 133, 150, 164. As the Court noted in its most recent denial, plaintiff's motion for injunctive relief was unrelated to his underlying claims:

> Plaintiff asks that a restraining order be entered against CRCC and WSP, seemingly because of harm he faced in those facilities. Dkt. 156 at 3. However, plaintiff's amended complaint focuses on an alleged wrongful infraction plaintiff received while housed at SCCC and his subsequent placement in administrative segregation. Dkt. 109 at 14-16. Though his complaint alleges actions taken against him while at CRCC (*Id.* at 16-17), plaintiff's motion only alleges vindictive action by "defendant's coworker's [sic]" rather than action by defendants themselves (Dkt. 160 at 2). Because of this, plaintiff's motion for an injunction is based on claims not contained in his complaint. *Pac. Radiation Oncology* [*LLC v. Queen's Med. Ctr.*], 910 F.3d [631,] 633 [(9th Cir. 2015)]. Preliminary injunction is not an appropriate remedy here.

Dkt. 164 at 4.

Here, plaintiff asks the Court to reinstate the previous motion, granting him injunctive relief and housing him somewhere besides either CRCC or WSP. Dkt. 166 at 1. However, in asking the Court to reconsider its decision, plaintiff has not provided the Court with newly discovered evidence that would alter the Court's previous determination. Similarly, he has not demonstrated that the Court committed clear error or that there has been some intervening change in the controlling law that would change the Court's analysis. Because of this, reconsideration is not appropriate. Therefore, the Court denies plaintiff's motion for reconsideration as it pertains to his prior motion for injunctive relief.

## II. Reconsideration of Motion for Appointment of Counsel

Plaintiff's motion for reconsideration is untimely as it pertains to his motion for appointment of counsel. The Court previously ruled that plaintiff has not demonstrated an extraordinary circumstance requiring the appointment of counsel. Dkt. 64 at 3. Judge Settle upheld this denial because plaintiff failed to file a timely motion for reconsideration. Dkt. 94 at 2. Plaintiff's current motion is similarly untimely. Motions for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." LCR 7(h)(2). The Court filed the order denying counsel on December 28, 2015. Dkt. 64. Plaintiff filed this motion on October 12, 2017. Dkt. 166. This is well past the 14-day window to file motions for reconsideration. Because of this, plaintiff's motion is untimely. Further, plaintiff has provided no showing of newly discovered evidence, clear error, or an intervening change in controlling law that would warrant reconsideration of the Court's previous decision. Therefore, the Court denies plaintiff's motion for reconsideration as to his motion for court appointed counsel.

## III. Renewed Motion for Appointment of Counsel

Insofar as plaintiff's motion is not a motion for reconsideration but rather a new motion for appointment of counsel, the motion is denied. Plaintiff alleges that his situation has changed such that he can no longer effectively access legal resources or advocate for himself. *See* Dkt. 168 at 5-7. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims

*pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, plaintiff has not demonstrated that he has an inadequate ability to articulate the factual or legal basis for his claims. Plaintiff has consistently filed motions and responses in an effective manner. Further, his claim centers around a straightforward infraction he received while residing at SCCC. Dkt. 109 at 14-16. Even though he may have limited access to his legal documents and other legal resources, he has not demonstrated he is unable to effectively advocate for himself in light of the complexity of his case. Because of this, plaintiff has not shown an exceptional circumstance warranting appointment of counsel. Therefore, insofar as plaintiff files a new motion for appointed counsel, the Court denies such a motion.

## CONCLUSION

Plaintiff has not provided new evidence, demonstrated that the Court committed clear error in its previous ruling, or shown that there has been some change in the intervening law requiring the Court to reconsider its decision on plaintiff's motion for preliminary injunction. Further, plaintiff's request that the Court reconsider the order denying him appointed counsel is untimely. Therefore, the Court denies plaintiff's motion for reconsideration (Dkt. 166).

Dated this 15th day of November, 2017.

J. Richard Creatura
United States Magistrate Judge