UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OSSIE LEE SLAUGHTER,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK R. GLEBE, et al.,<br><br>Defendants. | CASE NO. 3:15-CV-05484-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JANUARY 5, 2018 |

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Ossie Lee Slaughter has filed a motion for summary judgment, alleging defendants have not raised a sufficient defense to his claims. However, plaintiff has filed this motion using an incorrect standard for summary judgment, and he has not demonstrated that the material facts are undisputed. Therefore, the Court recommends that plaintiff's motion for summary judgment be denied.

| | |
|---|---|
| 1 | **BACKGROUND and PROCEDURAL HISTORY** |
| 2 | Plaintiff, a prisoner currently housed at the Washington Corrections Center, initially filed |
| 3 | this action in July of 2015. Dkt. 1. Defendants filed a motion to dismiss (Dkt. 44), which the |
| 4 | District Court granted on recommendation from this Court (Dkts. 61, 73), providing leave for |
| 5 | plaintiff to file an amended complaint. Plaintiff filed his amended complaint in November of |
| 6 | 2016. Dkt. 109. Plaintiff alleged that his constitutional rights were violated when he was cited for |
| 7 | an infraction, subsequently placed in administrative segregation, and eventually transferred from |
| 8 | the Stafford Creek Corrections Center to the Coyote Ridge Corrections Center. *Id*. at 9-16. |
| 9 | Defendants again filed a motion to dismiss (Dkt. 110), which the District Court denied on |
| 10 | recommendation from this Court (Dkts. 124, 134). Defendants filed an answer to the amended |
| 11 | complaint (Dkt. 146) and the Court filed a pre-trial scheduling order (Dkt. 148) which it |
| 12 | amended in October of 2017 (Dkt. 164). Plaintiff filed a motion for summary judgment (Dkt. |
| 13 | 169) and a motion for extension to receive requested discovery (Dkt. 170). Defendants filed a |
| 14 | response addressing both motions. Dkt. 173. |
| 15 | **DISCUSSION** |
| 16 | The purpose of summary judgment is to avoid unnecessary trials when there is no dispute |
| 17 | over the material facts before the court and the moving party is entitled to judgment as a matter |
| 18 | of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds* |
| 19 | *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled |
| 20 | to summary judgment if the evidence produced by the parties permits only one conclusion. |
| 21 | *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). To determine if summary judgment |
| 22 | is appropriate, the court must consider whether particular facts are material and whether there is |
| 23 | a genuine dispute as to the material facts left to be resolved. Fed. R. Civ. P. 56(c). Where there |
| 24 | |

1 is a complete failure of proof concerning an essential element of the non-moving party's case on
2 which the non-moving party has the burden of proof, all other facts are rendered immaterial, and
3 the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.
4 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented
5 through the prism of the substantive evidentiary burden").

6     As the party moving for summary judgment, plaintiff has the initial burden to
7 demonstrate that no genuine issue of material fact remains in this case. *Celotex*, 477 U.S. at 325.
8 The movant "always bears the initial responsibility of informing the district court of the basis for
9 its motion," and identifying those portions of the record, including pleadings, discovery
10 materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of
11 material fact." *Celotex*, 477 U.S. at 323. In ruling on a motion for summary judgment, the court
12 does "not weigh the evidence or determine the truth of the matter but only determine[s] whether
13 there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (1994) (internal citations
14 omitted).

15     Plaintiff moves the Court for summary judgment "against defendant[s] for failure to state
16 a valid defense, or any defense, that indicates they can overcome the burden of proof" to show
17 they did not violate plaintiff's constitutional rights. Dkt. 169 at 1-2. Plaintiff cites generally to
18 the various declarations he has filed. *Id.* at 2 (citing to Dkts. 1-167). Defendants are correct that
19 this generalized citation is not the "particular parts of materials in the record" anticipated by
20 Federal Rule of Civil Procedure 56. However, the Court is required to construe plaintiff's filings
21 liberally, and will do so here. Even so, plaintiff does not plead the proper standard for summary
22 judgment.

23
24

1    Plaintiff has not established that the material facts in this case are undisputed. Plaintiff's
2 affidavit attached to his amended complaint alleges that two defendants destroyed his box of
3 both personal and legal contents. Dkt. 109 at 36. He generally alleges that he is being retaliated
4 against. *Id*. As defendants note, plaintiff's other declarations and affidavits only contain facts that
5 are focused on other motions and objections and are immaterial to the claims in the complaint.
6 *See*, *e.g.*, Dkt. 117 at 11; 125 at 11; *see also* Dkt. 172 at 3 (listing all of plaintiff's affidavits and
7 declarations). Further, defendants have disputed the fact that any defendant had the intent
8 necessary for a finding of retaliation. *See* Dkt. 146 at 5-6. Thus, plaintiff has not demonstrated
9 that the undisputed facts support his claim. Though it is possible that plaintiff may present
10 evidence on these claims in the future, he has not done so, as yet. Plaintiff has not provided
11 sufficient evidence to carry his initial burden. Therefore, the Court recommends plaintiff's
12 motion for summary judgment be denied.

13 **CONCLUSION**

14    For the reasons above, the Court recommends that plaintiff's motion for summary
15 judgment (Dkt. 169) be denied.

16    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
17 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
18 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
19 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
20 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
21 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

REPORT AND RECOMMENDATION - 4

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 5,**
2  **2018** as noted in the caption.
3       Dated this 12th day of December, 2017.

                                             J. Richard Creatura
                                             United States Magistrate Judge