UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PATRICK R. GLEBE, et al.,

    Defendants.

CASE NO. 3:15-cv-05484-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 16, 2018

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4. Before the Court is plaintiff's motion for injunctive relief. Dkt. 178. However, plaintiff requests injunctive relief that is not related to any of his underlying claims. Therefore, his requested relief is not appropriate here and the Court recommends denying his motion for injunctive relief.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Plaintiff originally filed this action in July of 2015. Dkt. 1. Pursuant to an order from this Court, plaintiff filed an amended complaint in November of 2016. Dkt. 109. He claims that several defendants fabricated stories in order to infract him, physically harmed him when they moved him to administrative segregation, and proceeded to prohibit him from acquiring the surveillance footage that would have proved the false nature of the infractions. Dkt. 109 at 9-14. He further claims that, after he was cleared of his infractions, defendants proceeded to keep him housed in the intensive management unit rather than returning him to general population. *Id*. at 14-16. Plaintiff also alleges that defendants then transferred him to various different prisons because plaintiff continued to challenge his administrative segregations, and that he is in constant danger of additional reprisals from staff. *Id*. at 16. He alleges that he was punitively refused access to the prison's GED program (*Id*. at 25-26) and that all these alleged constitutional violations were done in retaliation for plaintiff attempting to exercise constitutionally protected conduct (*see id*. at 17). He requests declaratory relief as well as both punitive and compensatory damages. *Id*. at 33-35.

Plaintiff subsequently filed a request for injunctive relief. Dkt. 178. In that request, he asks the Court for a preliminary injunction ordering the Washington State Penitentiary to place his six boxes of legal materials into long-term storage. *Id*.

## DISCUSSION

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De

*Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id.*

Here, plaintiff's request for injunctive relief is not related to his underlying claim. Plaintiff's complaint focuses on allegedly retaliatory actions taken by defendants when they placed plaintiff in administrative segregation and moved him between prisons. However, plaintiff's request for injunctive relief focuses on defendants allegedly depriving him of his legal materials as he is transferred between prisons and asks the Court to order the Washington State Penitentiary to place his legal materials into long-term storage. Nowhere in plaintiff's complaint does he address deprivation of his legal materials or other violations of his access to the courts. Because of this, plaintiff's request for injunctive relief is wholly outside the issues raised in his complaint and is therefore not of the appropriate character for injunctive relief here. Therefore, the Court recommends denying plaintiff's motion for injunctive relief.

## CONCLUSION

For the reasons stated above, the Court recommends that plaintiff's motion for injunctive relief (Dkt. 178) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 16,**
2  **2018**, as noted in the caption.
3      Dated this 22nd day of February, 2018.

                                      J. Richard Creatura
                                      United States Magistrate Judge