UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PATRICK R. GLEBE, et al.,

    Defendants.

CASE NO. 3:15-cv-05484-BHS-JRC

ORDER DENYING MOTION TO COMPEL AND MOTION FOR EXTENSION

Plaintiff Ossie Lee Slaughter, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff requests that the Court order defendants to provide discovery allegedly not included in their disclosures and that the Court provide additional time to file a reply addressing defendants' response to his motion for injunctive relief. However, plaintiff has not demonstrated that defendants have not given him the opportunity to examine all the discovery he has requested. Further, plaintiff has already filed a reply and the Court has already entered a report and recommendation on his motion for injunctive relief. Therefore, the Court denies plaintiff's motions here.

## BACKGROUND

Plaintiff originally filed this action in July of 2015. Dkt. 1. Pursuant to an order from this Court, plaintiff filed an amended complaint in November of 2016. Dkt. 109. Early in his case,

1 plaintiff filed a motion to compel discovery (Dkt. 56), which the Court denied (Dkt. 64). Plaintiff has now filed a motion that this Court interprets as a motion to compel. Dkt. 184. In that motion, he requests that the Court compel defendants to provide discovery items he has requested but has allegedly not yet received. *Id*. at 5.

Plaintiff has also filed a motion for an extension to file objections to defendants' response to his motion for preliminary injunction. Dkt. 201. He subsequently filed his reply (Dkt. 206), and this Court has entered a report and recommendation on his motion for preliminary injunction (Dkt. 208).

Defendants addressed both motions in a single response. Dkt. 202.

## DISCUSSION

### I. Motion to Reopen Discovery

Plaintiff titles his motion as a motion to reopen his previous motion to compel. Dkt. 184. However, because plaintiff appears to request that the Court reopen discovery and compel defendants to produce additional documents, the Court treats this motion as a motion to compel. A motion to compel is appropriate when a party has failed to permit inspection of documents under Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3). Rule 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample" the items that are deemed responsive to his request. However, nothing in Rule 34 requires the producing party to bear additional costs associated with reproduction of materials or to provide the requesting party with additional copies of the responsive materials.

Here, defendants allowed plaintiff the opportunity to inspect discovery materials. Defendants have established that they answered plaintiff's request for production by identifying

217 pages of responsive documents, and subsequently identifying another 73 pages of responsive documents. Dkt. 173. They provided plaintiff the option of sending him copies and providing the first 25 pages free, and offered to place the documents on a CD to be given to a third party. *Id.* Defendants have upheld their discovery obligations. They have responded to plaintiff's requests (*see* Dkt. 184-1), provided him with access to inspect or copy responsive documents, and have even offered him a CD containing all the documents and limited free printing. As noted above, Rule 34 does not require defendants to incur expenses or provide plaintiff with copies, but only to provide him the opportunity to examine the materials. Because defendants have done that, an order compelling defendants to produce copies of these documents would be inappropriate.

Plaintiff also cites to language from General Order 09-16, alleging that defendants did not provide initial disclosures as required by that order. However, that order was a pilot program intended for cases filed after December 1, 2016. Because plaintiff's case was filed before this, the Court did not apply the general order and instead filed a pretrial scheduling order with a standard discovery schedule and standard discovery requirements. *See* Dkt. 148. Because the Court did not require defendants to provide initial disclosures, defendants have still upheld their discovery obligations.

## II. Motion to Appoint Expert

Plaintiff also requests that the Court appoint a discovery expert. Federal Rule of Evidence 706 allows the court to appoint a neutral expert. *Students of Cal. Sch. For the Blind v. Honig,* 736 F.2d 538, 549 (9th Cir. 1984), *vacated on other grounds,* 471 U.S. 148 (1985). The determination to appoint an expert rests solely in the court's discretion, the complexity of the matters to be determined, and the need for neutral expert review. *See Leford v. Sullivan,* 105 F.3d 354, 358-59 (9th Cir. 1997).

Here, plaintiff appears to request the Court appoint him an expert to advocate for him during discovery. Insofar as plaintiff asks for a non-neutral expert, the Court denies the request because the Court can only appoint experts in a neutral capacity.

Insofar as plaintiff requests a neutral expert, plaintiff's case focuses on retaliation claims that are not so complex as to require an expert to advise the Court at this time. Therefore, plaintiff's motion for an appointment of an expert is denied.

### III. Motion for Extension

Plaintiff finally asks for a 30-60 day extension in order to reply to defendants' response to plaintiff's motion for injunctive relief. However, plaintiff subsequently filed his reply (styled as "objections") in February of 2018 (*see* Dkt. 204) and this Court analyzed those objections when it entered the report and recommendation for the District Judge (Dkt. 208). Because plaintiff has already filed his reply and the Court has already entered its report and recommendation, plaintiff no longer requires an extension. Therefore, the Court denies this motion as moot.

### CONCLUSION

For the reasons stated above, plaintiff's motion to compel and motion for a discovery expert (Dkt. 184) are denied. Plaintiff's motion for extension (Dkt. 201) is denied as moot.

Dated this 27th day of February, 2018.

J. Richard Creatura
United States Magistrate Judge