# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PATRICK R. GLEBE, et al.,

    Defendants.

CASE NO. 3:15-cv-05484-BHS-JRC

ORDER DENYING MOTION TO SUPPLEMENT AND MOTION TO COMPEL

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Ossie Lee Slaughter has filed two motions, one requesting to supplement the record, and one requesting the Court order defendants to respond to plaintiff's admissions and interrogatories.[1] However, he has not properly included claims as required by Rule 15 in his supplement, and has not properly met and conferred with defendants as required to compel discovery. Therefore, the Court denies both motions.

---

[1] The Court notes defendants have also filed a motion for summary judgment. Dkt. 185. The Court will analyze this motion in a separate report and recommendation.

## DISCUSSION

**I.     Motion to Supplement**

Plaintiff first asks the court to "allow him to supplement the record, pursuant to, Fed. R. Civ. P. 15; Fed. R. Civ. P. 8; Fed. R. Civ. P. 26; Fed. R. Civ. P. 30(b)(6)." Dkt. 215 at 1-2. The Court agrees with defendants: the support for this motion under Rules 8, 26, or 30 is unclear. Therefore, the Court interprets this as a motion to supplement or file an amended complaint under Rule 15.

Rule 15(d) allows a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "The rule is a tool of judicial economy and convenience. Its use is therefore favored." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). However, it cannot be used to introduce separate, new causes of action. *Planned Parenthood v. Southern Arizona v. Neely*, 130 F.3d 400, 402 (1997). In addition, leave to supplement should only be given "'[i]n the absence of any apparent or declared reason – such as undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, . . . et cetera.'" *San Luis & Delta-Mendota Water Auth. V. U.S. Dep't of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, plaintiff has not shown that a supplement is appropriate. Though plaintiff moves to supplement, he does not indicate what information he requests to be included, nor how it relates to his original claims and how it has transpired since the filing of his original complaint. He argues that defendants have failed to provide him with discovery (Dkt. 215 at 2-4), complains that defendants and their attorney perjured themselves (*Id*. at 5-6), and concludes by asking that the record be supplemented with admissions and interrogatories within ten days (*Id*. at 6). None

of these are proper arguments for a motion to supplement under Rule 15, and the Court therefore denies his motion.

**II.     Motion for Defendants' Response to Admissions and Interrogatories**

Plaintiff has also filed a motion to compel defendants to respond to two sets of interrogatories and admissions sent to defendants. Dkt. 217. Though a party may properly request that the court compel discovery from a party, Federal Rule of Civil Procedure 37 and Local Rule 37(a)(1) require the movant to first meet and confer with the party allegedly failing to make disclosure or discovery. In addition, the movant must include a certification that they did, in fact, meet and confer. LCR 37(a)(1). Failure to include a certification allows the Court to "deny the motion without addressing the merits of the dispute." *Id*.

Here, plaintiff has not included a certification explaining his attempts to meet and confer with defendants, nor explaining the outcome of those attempts. Therefore, the Court denies it without addressing the merits. However, the Court does note that plaintiff's requests were mailed to defendants in January of 2018, well after the discovery deadline closed on November 27, 2017. *See* Dkts. 148, 164. Thus, plaintiff's requests were sent to defendants in an untimely manner and the Court would not compel defendants to respond to them.

**CONCLUSION**

For the reasons stated above, plaintiff's motion to supplement (Dkt. 215) and motion for defendants' response (Dkt. 217) are denied.

Dated this 15th day of March, 2018.

J. Richard Creatura
United States Magistrate Judge