# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

OSSIE LEE SLAUGHTER,

    Plaintiff,

v.

PATRICK R. GLEBE, et al.,

    Defendants.

CASE NO. C15-5484 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 22), and Plaintiff Ossie Lee Slaughter's ("Slaughter") motion for extension of time to file objections (Dkt. 234) and objections to the R&R (Dkt. 236).

On March 15, 2018, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion for summary judgment. Dkt. 222. On May 4, 2018, the Court granted Slaughter's motion for an extension of time to file objections. Dkt. 231. On June 7, 2018, Slaughter filed a second motion for an extension of time to file objections and requested an additional 30-day extension. Dkt. 234. On June 13, 2018, Defendants

1 | responded and did not oppose the extension. Dkt. 235.[1] On July 2, 2018, Slaughter filed
2 | objections. Dkt. 236. On July 9, 2018, Defendants responded. Dkt. 237.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Slaughter fails to assert any objection that undermines the R&R. First, Slaughter objects on the basis that the Court's prior denial of Defendants' motion to dismiss is contrary to the recommendation to grant Defendants' motion for summary judgment. Dkt. 236 at 4. This objection is without merit because overcoming a motion to dismiss only requires proper allegations of fact whereas overcoming a motion for summary judgment requires evidence. The current R&R is based on Slaughter's lack of evidence, which is a proper basis to grant an opposing motion for summary judgment.

Second, Slaughter objects to the R&R because Judge Creatura denied his motions regarding Defendants' discovery abuses. *Id*. at 4–5. However, Slaughter's argument fails to identify any piece of evidence that was either destroyed or not produced that would establish any of his claims. Instead, he merely alleges that some of his boxes of personal papers were confiscated and destroyed. The Court finds that these allegations are insufficient to deny a proper summary judgment motion.

---

[1] The Court grants the motion for an extension, which makes Slaughter's objections timely.

Third, Slaughter argues that he has a right to his day in court regardless of the evidence produced. Dkt. 236 at 7–8. Contrary to Slaughter's argument, summary judgment motions test the evidence to establish whether the facts require resolution by a jury. Slaughter has failed to submit facts to establish every element of any claim. Therefore, he has failed to show that a jury is necessary to resolve his claims.

Fourth, Slaughter argues that the fact he filed grievances establishes his claim that Defendants retaliated against him. Dkt. 236 at 8–10. Slaughter is correct that the temporal proximity between filling a grievance and a retaliatory act may establish an inference of retaliation, but that is only one element of a retaliation claim. Judge Creatura thoroughly addressed the other elements of Slaughter's retaliation claims and found that Slaughter's claims failed based on an absence of evidence for every element of every claim. Dkt. 222 at 6–12. Slaughter fails to show reversible error in this analysis.

Therefore, the Court having considered the R&R, Slaughter's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment is **GRANTED**;

(3) Slaughter's *in forma pauperis* status is **REVOKED**; and

(4) The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 26th day of July, 2018.

BENJAMIN H. SETTLE
United States District Judge